F. Simpson Fruit Co. v. The A., T. & S. Fe Ry. Co., 152 Ill. App. 235.

Frank Simpson Fruit Company, Defendant in Error, v. The Atchison, Topeka & Santa Fe Railway Company, Plaintiff in Error.

Gen. No. 14,828.

CORPORATIONS—*when foreign cannot maintain action in this state.* A foreign corporation not having complied with the provisions of this state regarding foreign corporations doing business in this state cannot maintain an action in this state against another foreign corporation with respect to a transaction which arose outside of this state, although such action is transitory in character—the act of commencing such an action in this state is "doing business in this state" within the meaning of the statute.

BAKER, J., dissenting.

Tort. Error to the Municipal Court of Chicago; the Hon. THOMAS R. LANTRY, Judge, presiding. Heard in this court at the October term, 1908. Reversed. Opinion filed December 23, 1909.

ROBERT DUNLAP, LEE F. ENGLISH and JAMES L. COLEMAN, for plaintiff in error.

CHARLES A. BUTLER, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The parties to this suit are artificial persons, created by the laws of the States of California and Kansas. The plaintiff exists in virtue of the corporation laws of California, and the defendant in virtue of like laws of the State of Kansas. It stands admitted by the record that the plaintiff did not comply with the provisions of chapter 32, R. S., entitled, "An Act to regulate the admission of foreign corporations for profit to do business in the State of Illinois." Plaintiff seeks by this suit to recover damages from defendant for its negligence in carrying a car of bananas from New Orleans, Louisiana, to Los Angeles, California.

In view of our conclusion that the Municipal Court was without jurisdiction to entertain or determine the

cause, we do not regard as necessary a consideration of the merits of this controversy.

Section 1 of the Act, *supra,* provides, "That before any foreign corporation for profit shall be permitted or allowed to transact any business, or exercise any of its corporate powers in the State of Illinois   *   *   * they shall be required to comply with the provisions of this act, and shall be subject to all of the regulations prescribed herein * * *,'' and the penal clause of said Act provides *inter alia,* after reciting the character of the penalty to be inflicted for non-conformity, "and in addition to such penalty, if after this Act shall take effect any foreign corporation shall fail to comply herewith, no suit may be maintained either at law or in equity, upon any claim, legal or equitable, whether arising out of contract or tort, in any court in this state.'' This action is tort, and the Act *supra* became operative July 1, 1905. So far as we have been able to discover our Supreme Court has not to this time passed upon the scope of, or given judicial interpretation to, those parts of the Act *supra* above quoted.

It is axiomatic that every act of a corporation must find for its support some power in the grant creating it, or arise from power inferable from such grant and necessary to carry forward the object of its creation. So it seems clear to us that the commencement of an action in a legal tribunal of this state is the exercise of a corporate power in this state, and such action being at the instance of a foreign corporation, which has not qualified to do business in this state by complying with the terms of the Act *supra,* it subjects itself to the prohibition found in the Act and is debarred from maintaining such action in this jurisdiction. Plaintiff lacking the right to institute a suit, when it does so in violation of a prohibitory statute, the tribunal whose jurisdiction is invoked is without power to grant relief or take cognizance of such suit, or render the judgment sought. If, however, section 1 *supra* standing alone is not subject to this construction, any doubt

which might exist is at once removed when section 6, which must, according to the prevailing canons of construction, be read and interpreted with section 1, is so read and considered. Section 6 clearly inhibits in plain terms the maintaining of any suit "arising out of contract or tort" by any foreign corporation failing to have complied with the terms of chapter 32 *supra.* Nor do we see any cogent reason why, in this case, we should go out of our way, or disregard by refinement of distinction, the plain intent and meaning of this salutary Act, to sustain the jurisdiction of the court and thereby thwart what to us seems to be its plainly intended beneficent purpose. We see no reason in this particular case, either in law or morals, why plaintiff should be permitted to trouble our courts with the settlement of its dispute with defendant. True, it is a transitory action, and the *situs* of the forum may be chosen by plaintiff unless it meets a preventive statute, such as chapter 32 *supra.* The cause and every step taken which led to the dispute disclosed by the record occurred in territory foreign to the State of Illinois, and in it no citizen of this state, natural or artificial, was concerned or interested. The courts of New York long since declined to intermeddle with disputes of non-residents arising in a sister state, and the legislature of New York in its wisdom passed an Act in terms in consonance with the decisions of its courts. While we do not intend to decide that the courts of this state are without jurisdiction to entertain the cause because the action arose in foreign territory, the actors in which are foreign corporations, we do hold that the non-compliance of plaintiff with chapter 32 *supra* constitutes an insuperable barrier to the Municipal Court's taking jurisdiction of the cause.

The Municipal Court being without jurisdiction to entertain the action, its judgment is reversed and the cause is not remanded.

*Reversed.*

MR. JUSTICE BAKER, dissenting.