**Frank Simpson Fruit Company, Defendant in Error, v. The Atchison, Topeka & Santa Fe Railway Company, Plaintiff in Error.**

## Gen. No. 14,828.

1. INSTRUCTIONS—*when denial of peremptory proper.* If there is evidence tending to establish the averments of the declaration on the material issues asserted by the plaintiff the denial of a motion by the defendant for a peremptory instruction is proper.

2. DEPOSITIONS—*when refusal to pass upon motion to suppress, improper.* A motion to suppress a deposition should be made and passed upon before the case is called for trial, and it is improper for a judge to whom such a motion is addressed before the trial to decline to pass thereon and to rule that it should be passed upon at the trial.

3. DEPOSITIONS—*who entitled to read.* So long as depositions remain on file and unsuppressed if the party at whose instance the same were taken does not read the same, the other party has a right so to do.

Simpson Fruit Co. v. A., T., & Santa Fe Ry. Co., 161 Ill. App. 406.

Error to the Municipal Court of Chicago; the Hon. THOMAS B. LANTRY, Judge, presiding.  Heard in this court at the October term, 1908.  Affirmed.  Opinion filed May 4, 1911.

ROBERT DUNLAP, LEE F. ENGLISH and JAMES L. COLE-MAN, for plaintiff in error.

CHARLES A. BUTLER, for defendant in error; ANDER-SON & EATON, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

This case is reported in 152 Ill. App. 235, and 245 Ill. 596.  The right to maintain the action in the courts of this State being established, there remain two questions presented and argued by the plaintiff in error.

First:  There was no proof of a fact essential to recovery—in that "there was no proof whatever and no attempt to prove that bananas ever were or could be carried from New Orleans to Los Angeles over the route followed and be brought to destination in the same green condition as when shipped."  The car of bananas in question was loaded at New Orleans the evening of December 26, 1906, and went out that night. It was delivered to the plaintiff in error at Kansas City at 3:15 P. M. December 29th, and left the yards at Argentine, eight miles west of Kansas City, at 9:25 A. M. December 30th, more than eighteen hours after receiving the same.  The schedule time from Argentine to Los Angeles of the train in question was seven days, two hours and forty-five minutes.  The car reached Los Angeles in the afternoon of January 9, 1907, eleven days after receiving same, and a delay of almost four days between Kansas City and Los Angeles.  The car was held at different places en route, and at one place it was on a side track over eleven hours while the crew was awaiting orders.  The testimony was that to allow the car to stand was bad for the bananas—they would ripen faster when standing than when moving.

408    APPELLATE COURTS OF ILLINOIS.

Simpson Fruit Co. v. A., T., & Santa Fe Ry. Co., 161 Ill. App. 406.

Dufard testified that he was a banana messenger in charge of said car and ventilated it to the best of his ability, and had made ten trips over the said route in charge of bananas, and the reasonable time therefor from New Orleans to Los Angeles was nine days. The bananas, it was said, were at Kinsley, Kansas, 304 miles west of Kansas City, "a third on a turn, coloring up," and counsel for plaintiff in error urged that as bananas generate heat and when they begin to ripen cannot be stopped, it was clear they would have been in a ripe condition when they reached Los Angeles and "a slight delay in transit would have no worse effect upon them." That may be; but it may also be said, so much the more reason plaintiff in error should have been concerned in not allowing this car to stand around on the tracks for almost four days. We think that counsel, in contending that the proof should tend to show fruit like bananas should be brought to destination "in the same green condition as when shipped," ask the application of a too stringent rule. The questions on this point for the jury to pass upon, and submitted under proper instructions of the court, were: Was there unnecessary and unreasonable delay in the transportation of said car? If so, and if the bananas were when shipped "in good, sound, merchantable and shipping condition" (the language of the instruction), were they damaged by reason of said delay? The court instructed the jury in part as follows: "If the jury further find from the evidence that the defendant could not in the practical operation of their road have carried said car of bananas to destination before the same became in part ripe and turning, then the jury are instructed that the defendant is not liable for such part, if any, of the damage to said bananas as could not have been prevented if said bananas had been hauled by defendant to destination without delay." It seems to us that there was sufficient evidence to submit the cause to the jury, and we are not warranted in holding otherwise.

Simpson Fruit Co. v. A., T., & Santa Fe Ry. Co., 161 Ill. App. 406.

The other point is that the court erred in not allowing the motion of plaintiff in error, made some time prior to calling the case for trial, to suppress the deposition of one Dufard on the ground the cross-examination of the witness was not proper, and the trial court erred in permitting defendant in error to read to the jury said improper cross-examination. The judge who heard the motion to suppress declined to pass upon the same, and ruled that it be passed upon at the trial of the case. This ruling was improper. A motion to suppress a deposition should be made and passed upon before the cause is called for trial. However, it was harmless error, for we think the motion should have been denied. The deposition of said witness was taken by the plaintiff in error at New Orleans on written interrogatories and cross interrogatories, and returned and on file at the time of making said motion and on the trial of the case. The plaintiff in error on the direct examination asked Dufard if he was the messenger in charge of the car in question from New Orleans to Los Angeles, and on his answering he was asked, among other questions: "If you answer yea to the last interrogatory you may state during how much of said journey you remained on said car, and you may state where you left said car and the time you so left it." Answer: "I remained with said car from the time it left New Orleans until it reached Barstow, California, January 8, 1907, at 8:55 A. M., and I left the car at that place and at that time." Question: "You may state what your duties were in connection with said car." Answer: "Messenger in charge." Question: "You may state what particular things you did with reference to said shipment." Answer: "Ventilated the car to best of my ability. Closed and opened it whenever necessary." On cross-examination the defendant in error asked when the car arrived and left certain places, the length of time the car was at said places and the cause therefor. These questions were answered and it is to this cross-

examination strenuous objections are made. It appears to us that these questions were properly allowed on cross-examination. The defendant in error had the right to read same on the trial. In Adams v. Russell, 85 Ill. 284, the court said: "It is next urged that the Court erred in permitting appellees to read the cross-examination to Watson's deposition. We see no objection to such a practice. It has always been understood that where one party takes a deposition, unless he obtains leave before the trial and withdraws it, if he fails or refuses to read it, the other party may introduce it. All depositions, so long as they are on file in the clerk's office, when properly taken and containing evidence pertinent to the issue, may properly be used on the trial."

The judgment of the Municipal Court is affirmed.

*Affirmed.*