THE FRANK SIMPSON FRUIT COMPANY, Appellant, *vs.* THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Appellee.

*Opinion filed June 29, 1910—Rehearing denied October 6, 1910.*

1. CORPORATIONS—*right of foreign corporation to bring transitory action in Illinois.* A foreign corporation not doing business in Illinois has a right to bring a transitory action in an Illinois court against another foreign corporation on a cause of action arising outside of Illinois, notwithstanding it has not complied with the statute regulating the admission of foreign corporations for profit to do business in Illinois, and if the Illinois court has jurisdiction of the subject matter and the parties it may proceed to judgment.

2. PRACTICE—*when cause should be remanded to the Appellate Court.* Where the Appellate Court erroneously reverses a judgment on a question of law without remanding the cause or considering the other errors assigned, the Supreme Court will remand the cause to the Appellate Court, with directions to enter such judgment as it may deem proper.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. THOMAS B. LANTRY, Judge, presiding.

ANDERSON & EATON, (CHARLES A. BUTLER, of counsel,) for appellant.

ROBERT DUNLAP, LEE F. ENGLISH, and JAMES L. COLEMAN, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This suit was commenced by the appellant, a California corporation, against the appellee, a Kansas corporation, in the municipal court of the city of Chicago, to recover damages for loss upon a shipment of bananas from New Orleans, Louisiana, to Los Angeles, California. The cars

containing the bananas, two in number, were received at Kansas City on December 29 by the appellee and transported over its lines to Los Angeles, a distance of 2686 miles, where they arrived January 9. The bananas were in charge of the agent of appellant, who accompanied the shipment. On their arrival at Los Angeles they were overripe. The municipal court rendered judgment in favor of the appellant for $475 and costs, which judgment was reversed by the Appellate Court for the First District without remanding, and the record has been brought to this court upon a certificate of importance, for further review.

The Appellate Court in its opinion held that the appellant being a non-resident corporation and having failed to comply with the provisions of "An act to regulate the admission of foreign corporations for profit to do business in the State of Illinois," it could not maintain a suit in the courts of this State. The case of *Alpena Portland Cement Co. v. Jenkins & Reynolds Co.* 244 Ill. 354, having been decided by this court since this case was determined in the Appellate Court, that question has not been discussed in the briefs filed in this court, but the position has been taken in this court that the parties to the litigation, both the plaintiff and defendant, being non-resident corporations and the cause of action having arisen outside the limits of this State, the municipal court erred in taking jurisdiction of the case. In the *Alpena Portland Cement Co. case* it was held that a foreign corporation has the right to bring a suit in this State in all transitory actions where permission so to do has not been withdrawn by statute. This action was transitory and the appellee was served with process in the city of Chicago, and there is no statute in force in this State withdrawing permission from foreign corporations to bring suits in this class of actions in this State against foreign corporations where the cause of action arises outside of this State. The municipal court, therefore, under the doctrine announced in that case, had

jurisdiction of the parties and the subject matter of the suit and might lawfully proceed to judgment.

As the Appellate Court reversed the judgment of the municipal court on a question of law and failed to consider any of the other questions raised upon the record in that court, the judgment of the Appellate Court will be reversed and the cause will be remanded to that court, with directions to enter such judgment as it may deem proper. The clerk of this court is ordered to transmit the record herein to the Appellate Court for the First District for further consideration in accordance with these directions.

*Reversed and remanded, with directions.*