102 . APPELLATE COURTS OF ILLINOIS.

Racine L. & Mfg. Co. v. G. W. White L. Co., 190 Ill. App. 102.

## Racine Lumber & Manufacturing Company, Defendant in Error, v. G. W. White Lumber Company, Plaintiff in Error.

### Gen. No. 19,999.

1. CORPORATIONS, § 754*—*where service is ineffective to confer jurisdiction.* Where a contract with a nonresident plaintiff corporation was made and performed without the State and service was had upon a nonresident defendant corporation after it had ceased to do business in the State and had withdrawn and revoked the authority of its resident agent to be served, service of process upon such agent fails to give the court jurisdiction to render a valid judgment against the defendant nonresident corporation.

2. CONTRACTS, § 236*—*determination of place of execution and performance.* Where a contract was entered into through correspondence with defendant at its home office in another State and the correspondence with the local office was after the contract sued on was made and accepted, and it was admitted that the original order was made from a second State by mail sent to the home office, accepted and returned, and the subject-matter of the contract was shipped from the home office, but the correspondence in regard to the filling of the order was with the local office, *held* that the contract was made and to be performed without the State of the local office.

Error from the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded with directions. Opinion filed December 22, 1914.

: PAM & HURD, for plaintiff in error; BURRELL J. CRAMER, of counsel.

MUSGRAVE, OPPENHEIM & LEE, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

We shall designate the parties as known in the court below.

The question presented by this writ of error is whether jurisdiction was obtained of defendant against whom judgment was taken by default. Later defendant, specially appearing for such purpose, moved the court to vacate the judgment and quash the return of service. Both parties were nonresident corporations, plaintiff having been incorporated in Wisconsin and defendant in Indiana. The return showed service on one McChesney, vice-president of defendant, April 23, 1913. Defendant was licensed to do business in this State the year before, and, pursuant to the provisions of our statute relating thereto, designated said McChesney as the person on whom service could be had in all suits commenced in this State, but it discontinued its Chicago office at the end of 1912. On March 13th, its Illinois license was cancelled. On April 17th, McChesney ceased to be vice-president. His services as local agent for the defendant in Illinois ceased about the time of the discontinuance of the Chicago office. Action was formally taken by the stockholders of the company January 10, 1913, ratifying such discontinuance.

The question arises, therefore, whether under such circumstances the revocation of the agent's authority rendered the service on him ineffectual. As to where the contract sued on was made, counsel before us disagree. But we think an admission of counsel for plaintiff removes any doubt on that subject. The record shows that after counsel for defendant contended that the contract was entered into through correspondence with defendant at its home office in Indiana and that the correspondence with the local office in Chicago was after the order sued on was made and accepted, counsel for plaintiff admitted that the original

order was made by plaintiff "at Racine, Wisconsin, forwarded in the mails, sent to Spencer, Indiana, accepted by mail and returned to Racine," but added, "that in regard to the filling of the order, the lumber was shipped from Indiana, but the correspondence was with the Chicago office." The correspondence referred to was not put in evidence, and plaintiff now claims that the last part of the admission shows that the transaction sued on was in the State of Illinois. We cannot agree with this contention. The admission clearly shows that the contract was made and was to be performed outside of the State of Illinois, and that correspondence was had thereafter relating to carrying out the contract. That being the case, the authorities relied upon by plaintiff are not applicable. They do not relate to a state of facts like those at bar where it appears that the transaction did not take place in or with a citizen of the State in which jurisdiction of the court was sought.

The purpose of statutes requiring foreign corporations to appoint persons upon whom service may be had is important in this connection. It is succinctly stated in *Mutual Reserve Fund Life Ass'n v. Phelps,* 190 U. S. on page 158, as follows: "This and other kindred statutes enacted in various States indicate the purpose of the State that foreign corporations engaging in business within its limits shall submit the controversies growing out of that business to its courts, and not compel a citizen having such a controversy to seek for the purpose of enforcing his claims the State in which the corporation has its home."

This case is cited by defendant. But there the defendant, a foreign corporation, was still doing business in the State although its license so to do had been revoked, the plaintiff was a citizen of the State, and the cause of action arose out of transactions between the parties while the defendant was carrying on business in the State under a license from it. Under such circumstances service on the person au-

thorized to receive it prior to revocation of the license was deemed good.

We think the question here involved, however, is settled by the decisions in the case of *Hunter v. Mutual Reserve Life Ins. Co.,* 184 N. Y. 136, affirmed in 218 U. S. 573. That was a suit brought in New York by a resident of North Carolina upon judgments obtained in the latter State against said insurance company which was organized under the laws of the State of New York. The service on which such judgments were procured was made on the statutory agent after the company had ceased to do business in North Carolina, had withdrawn from the State and had revoked the authority given by it for such service. These judgments were based on five insurance policies issued by the insurance company,—one to a resident in North Carolina while it was doing business there and the others to residents of New York and New Jersey, who long after defendant had attempted to withdraw from business in North Carolina, assigned their claims to residents of that State. The judgment on the policy issued to the resident of North Carolina was not questioned, but the judgments on the other policies were held to have been obtained without jurisdiction. Referring to statutes relative to obtaining service on foreign corporations, the Court said that they "have always been regarded as primarily designed for the protection of citizens of the State enacting the legislation and who might acquire rights under contracts executed with them or for their benefit while they were such citizens." As to the insurance company's right to revoke the authority for service upon it in North Carolina, the Court said that citizens of that State, who had taken contracts from the defendant while it was doing business there in reliance upon the power of attorney authorizing such service, were entitled to have it remain unrevoked because they were regarded as having made contracts upon the faith of it, but that the as-

106    Appellate Courts of Illinois.

signee of the claims or contracts growing out of the New York and New Jersey policies occupied no such position; that they were not of the class for whose protection the authority for service was originally executed. The decision of the United State's Supreme Court, after a thorough review of several cases relating to this subject (many of them cited here by defendant in error), and the distinctions to be drawn between them, sustains the reasoning of the New York court. Here no citizen of this State is interested. The contract was entered into and to be performed outside of this State and between nonresident parties. Under such circumstances the authority was revocable and no jurisdiction of the court was obtained by such service, as McChesney was no longer its agent for service or an officer of the company. The court, therefore, erred in overruling the motion to vacate the judgment and quash the return of the summons. The judgment will be reversed and the cause remanded with directions to grant such motion.

*Reversed and remanded with directions.*