(No. 16115.—Reversed and remanded.)

THE NATIONAL CAN COMPANY, Appellant, *vs.* THE WEIRTON STEEL COMPANY, Appellee.

*Opinion filed October 28, 1924—Rehearing denied Dec. 5, 1924.*

1. APPEALS AND ERRORS—*submitted propositions of law and fact cannot be considered by Supreme Court if not in bill of exceptions.* The rulings of the trial court upon certain propositions of law and fact which were submitted to it are not a part of the common law record and unless incorporated in a bill of exceptions cannot be considered by the Supreme Court. ·

2. SAME—*when validity of judgment can be attacked only on ground that record is insufficient.* Where the declaration states a good cause of action, trial is had before the court without a jury, a judgment for the plaintiff is affirmed by the Appellate Court, no questions of law were raised at the trial in regard to the evidence, no propositions of law are preserved in the bill of exceptions, no motion was made to find for the defendant and no demurrer to the evidence interposed, the judgment is conclusive upon the

Supreme Court unless there are assignments of error which question the validity of the judgment, as shown by the record.

3. CORPORATIONS—*a foreign corporation may bring transitory action in Illinois.*   A foreign corporation may bring suit in Illinois against another foreign corporation in a transitory action where proper service is had upon the defendant's agent, although the cause of action arises outside of the State and neither corporation has been admitted to do business in the State; and the allegation of the defendant's plea that the contract sued upon was not made or to be performed in Illinois is an immaterial allegation.

4. JUDGMENTS AND DECREES—*judgment cannot be based on immaterial allegations—reversal.*   A judgment cannot be based on immaterial allegations in the pleading, and where the court finds for the plaintiff on a plea in abatement but bases judgment for the defendant on an immaterial allegation in a second plea, the judgment for the defendant, although affirmed by the Appellate Court, must be reversed and the cause remanded.

DUNCAN, C. J., dissenting.

APPEAL from the First Division of the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. LEE W. CARRIER, Judge, presiding.

ROSENTHAL, KURZ & TIEDEBOHL, (JAMES ROSENTHAL, and SIDNEY LEVY, of counsel,) for appellant.

ICKES, LORD, WIRE & COBB, (JOHN S. LORD, and ARTHUR C. WETTERSTORM, of counsel,) for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellant, the National Can Company, a Michigan corporation, sued appellee, the Weirton Steel Company, a West Virginia corporation, serving process upon H. M. Easton as the agent of appellee at Chicago. The declaration alleges that appellant and appellee entered into an agreement under the terms of which appellee agreed to furnish and deliver to appellant at Detroit, Michigan, certain tin plate; that there was a breach of this agreement and consequent dam-

ages to appellant, for which the suit is brought. Appellee thereupon filed its pleas, the first alleging that at the time of the commencement of the action the defendant, the Weirton Steel Company, was a corporation organized and doing business under and by virtue of the laws of West Virginia and was not engaged in any business in the county of Cook or the State of Illinois; that it was not a resident of Illinois; that H. M. Easton and H. L. Gray were in the employ of the defendant for the sole and only purpose of soliciting business for the defendant and had no power to enter into contracts or make sales on behalf of the defendant, but their duties were merely to solicit business and orders for the defendant and transmit such orders to the principal office of the defendant, at Weirton, West Virginia; that it was not subject to the service of process in said cause upon Easton and that Easton was not authorized to receive service of legal process in said cause; that the attempted service of the writ was not such a service upon the defendant as is required by the laws of Illinois and the constitution of the United States. The second plea, in addition to the facts alleged in the first plea, alleged that at the time of the making of the contract the plaintiff was a corporation organized and doing business under the laws of Michigan and was not engaged in business in Illinois and was not a resident of Illinois, and that the contract was made at Weirton, West Virginia, and that no part or portion of the contract was to be performed in Illinois; that appellee had not authorized any agent, officer, clerk, attorney or counsel to appear for it in this suit, except for the special purpose of objecting to the jurisdiction of this court. Appellant thereupon filed its replication, alleging that at the time of the commencement of this suit appellee was engaged in business in the county of Cook and State of Illinois, and that since the commencement of this suit appellee has been engaged, and is now engaged, in business in the county of Cook and State of Illinois, and had officers and

agents and an office in the county of Cook and State of Illinois; that Easton and Gray were the agents of the defendant and had power to enter into contracts and make sales and transact other business on behalf of the defendant, and denied that the duties of Easton and Gray were merely to solicit business and orders for the defendant in Chicago and adjoining territory, and that service was had on Easton in said county and that such service was regular. Upon the issues thus made a trial was had before the court, as the result of which the court entered an order, in which order the court made findings of fact and law, concluding: "And the court further finds the issues for the plaintiff upon defendant's first plea in abatement and finds the issues for the defendant upon defendant's second plea in abatement." The order provided that the writ of summons in said cause and the return of service thereon be quashed. From this order appellant appealed to the Appellate Court for the First District, which court affirmed the order of the circuit court, granted a certificate of importance and allowed an appeal to this court, which has been perfected.

Upon the trial in the circuit court appellant submitted to the court certain propositions of law and fact to be held by the court. Such propositions, and the court's rulings thereon, are not a part of the common law record and are not preserved in this case by bill of exceptions. These are matters that can only become a part of the record by being incorporated in the bill of exceptions, and the clerk's recitals in that respect are therefore extra-official and of no legal effect and cannot be considered by us. *Gould* v. *Howe,* 127 Ill. 251; *Sullivan* v. *Atchison, Topeka and Santa Fe Railway Co.* 262 id. 317.

Appellant did not in the trial court raise the question of the sufficiency of the evidence to sustain a judgment for appellee either by demurrer to the evidence, by a motion to exclude all the evidence, by a motion to find for appellant or by propositions of law incorporated into a bill of

exceptions, and appellee contends that where neither of such courses is pursued, the record, upon appeal from the Appellate Court, will not present any question for review by this court. It has long been the rule of law in this State that where a declaration alleges a good cause of action and there is issue thereon and a trial is had before the court without a jury, and no questions of law are raised at the trial in regard to the admission or exclusion of evidence, no propositions of law submitted to the court to be ruled upon are preserved in the bill of exceptions, no motion has been made in the trial court to find for the defendant and no demurrer to the evidence interposed, no question of law can arise in this court in respect to the findings of the trial court and the judgment of the Appellate Court must necessarily be affirmed. (*Pressed Steel Equipment Co.* v. *Pressteel Co.* 312 Ill. 359.) This rule does not mean, however, that upon such a record in no event can the correctness of the judgment, when challenged by proper assignments of error, be reviewed. In such case, where the claim that the judgment of the Appellate Court is erroneous is based on the assumption that the record is insufficient to sustain the judgment, we are authorized to entertain assignments of errors which question the validity of the judgment on that ground. (*American Exchange Nat. Bank* v. *Chicago Nat. Bank,* 131 Ill. 547.) The only question for consideration in this case, therefore, is whether or not the record shows that such judgment is erroneous.

The declaration, the pleas thereto, the replication, the verdict, or, where the case is tried, as it may be under our statute, by the court without a jury, the finding of the issues and the judgment by the court, are all a part of the record. In the present case the record shows that the court found the issues for appellant upon appellee's first plea in abatement and found the issues for appellee upon its second plea in abatement. It is therefore necessary to. ascertain what are the material allegations of the second plea.

Three questions are raised by the second plea: First, that appellee, a non-resident corporation, was not doing business in this State; second, that Easton, upon whom the summons was served, was not an agent upon whom process could be legally served; and third, that both appellant and appellee were non-resident corporations, and that the contract declared upon was not made in the State of Illinois and was not to be performed therein.

The action in this case was a transitory action, and there is no statute in force in this State withdrawing permission from foreign corporations to bring suit in this class of actions in this State against foreign corporations where the cause of action arises outside of the State. *Simpson Fruit Co. v. Atchison, Topeka and Santa Fe Railway Co.* 245 Ill. 596.

The allegation in the second plea that the contract declared upon was not made in the State of Illinois and was not to be performed therein was an immaterial allegation. The first and second questions presented by this plea were answered in favor of appellant when the court found the issues upon appellee's first plea in favor of appellant, so it is apparent that the court, in finding the issues for appellee upon its second plea, based its finding upon the immaterial allegations of the plea. A judgment cannot be based upon immaterial but must be based upon the material allegations in the pleadings.

The only legal defenses set up by appellee in its second plea were, that it was not doing business in the State of Illinois and that Easton was not an agent upon whom process could be legally served. Both these defenses were set up in the first plea, and in finding the issues for appellant upon this plea the court necessarily found that appellee was doing business in the State of Illinois at the time of the commencement of the suit and that Easton was an agent of appellee upon whom process could be served. Appellee made no motion to set aside the court's finding of the is-

sues upon the first plea or for new trial of such issues, and such finding remains as a part of the common law record of this case. In this state of the record the court erred in entering judgment for appellee and the Appellate Court erred in affirming the judgment.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Mr. CHIEF JUSTICE DUNCAN, dissenting.