**MORRIS & CO. v. SKANDINAVIA INS. CO., Limited.**

**No. 5517.**

Circuit Court of Appeals, Seventh Circuit.
Jan. 16, 1936.

Rehearing Denied Feb. 26, 1936.

Walter E. Lindgren, of Springfield, Ill., and John M. Lee and Carl M. Loos, both of Chicago, Ill., for appellant.

W. Edgar Sampson, C. Terry Lindner, and Doyle, Sampson & Giffin, all of Springfield, Ill., and Bigham, Englar, Jones & Houston, of New York City, for appellee.

Before EVANS, SPARKS, and AL-SCHULER, Circuit Judges.

SPARKS, Circuit Judge.

This action was brought by appellant upon a marine insurance policy to recover for a loss sustained by fire of a cargo of meat shipped from Montevideo, Uruguay, to Havana, Cuba. The action was instituted in the circuit court of Sangamon county, Illinois. Upon petition of appellee under a special limited appearance, the cause was transferred to the District Court on the ground of diversity of citizenship.

There a plea to the jurisdiction was sustained and judgment was entered quashing the summons and purported service, abating the action, and dismissing it for lack of jurisdiction over appellee's person, and taxing all costs against appellant. It is from this judgment that the appeal is prosecuted.

The declaration alleged that appellant was a Louisiana corporation, and that appellee was organized under the laws of the Kingdom of Denmark and was doing an insurance business in Illinois; that about July 11, 1918, in Buenos Aires, Argentine Republic, appellee, for a consideration, made and delivered a policy to appellant insuring it against fire to the amount of $50,000 on a shipment of jerked beef, as above stated, and averred a total loss by fire. The policy provided that notice of loss was to be given to appellee at Havana, and the payment of loss, if any, was to be made at Buenos Aires. Appellee filed a special plea to the jurisdiction specifically alleging that it was not amenable to be sued or served with process in Illinois for the following reasons: (1) The alleged cause of action did not arise in that state, (2) appellee was not doing business in Illinois when the suit was instituted, (3) appellee was not found nor was it within that state at the time of the attempted service, (4) neither party was a citizen or resident of Illinois, and (5) it never consented to suits against it in Illinois upon causes of action arising outside of that state. The appellant replied that at the time the suit was brought appellee was doing business in Illinois and was found in that state, and that it had consented to such suit in Illinois. It did not, however, deny that the cause of action did not arise in Illinois. The issues were formally joined by the similiter. The return of the sheriff appears in the margin.[1]

Proof of the facts not admitted by the pleadings was made by stipulation and certain exhibits attached thereto, as follows: Appellant had never been licensed to do and never has done business in Illinois, although all of its capital stock

---

[1] State of Illinois } ss.
Sangamon County }

I have served the within writ on the within named Skandinavia Insurance Company, Limited, a corporation by reading the within to C. J. Doyle, Attorney appointed to accept service for said corporation and at the same time delivering to the said C. J. Doyle a true copy of the within writ, this 18th day of May A. D. 1929. The President of Skandinavia Insurance Company, Limited, a corporation not found in my county.

James M. Kent,
Sheriff.

is owned by a Maine corporation of the same name, which was authorized to do, and was actually doing, business in Illinois. Appellee was licensed to do business in Illinois on December 28, 1916, and such license had been renewed from year to year, for which appellee had paid the license fees, together with the state fire marshal tax.

The principal business of appellee, and the only business conducted by appellee in the United States, was that of reinsuring other companies against a specific portion of the risks assumed by the latter. The direct writing companies issued their policies directly to the owners, with whom appellee as a reinsuring company had no relation, contractual or otherwise, its only obligation being to indemnify the direct writing companies for a specified portion of the loss sustained by them by reason of the policies which they had written. None of the reinsuring contracts to which appellee was a party were ever made, or to be performed, in Illinois, but all were in New York. Appellee had never at any material time had any transactions of insurance or reinsurance with any insurance company which had its home office in Illinois. It had never directly effected any insurance upon any property located in whole or in part in Illinois, nor had it maintained any office there. Except for agents for the sole purpose of service of process, appellee had never employed or engaged any agent, servant or employee in Illinois, or had knowledge of or consented to or acquiesced in any person, firm or corporation acting or assuming to act within that state as its agent, servant, or employee in connection with its business. It had never had any property or bank account in Illinois, or received or made any payment of returned premiums, or paid within that state any losses sustained by it under any contract of insurance or reinsurance.

On March 29, 1929, appellee made and executed a power of attorney, designating C. J. Doyle its true and lawful attorney in and for the state of Illinois, on whom all process of law, whether mesne or final, against the company might be served, in any action, suit or special proceedings against said company in the state of Illinois, subject to and in accordance with all the statutes and laws of Illinois then in force, and such other acts and laws as might be thereafter amendatory thereof and supplementary thereto. And the attorney was thereby duly authorized and empowered, as the agent of the company, to receive and accept service of process in all cases as provided for by the laws of that state, and such service should be deemed valid personal service upon said company. The only reason for executing that power of attorney was that under the laws of Illinois, Smith-Hurd Ann.St. c. 73, §§ 91, 37, Cahill's Illinois Statutes 1933, c. 73, pars. 18, 150, no insurance company doing business in that state was permitted to reinsure its risks in another company which was not licensed to do business in Illinois.

Appellant formerly sued upon this claim in a state court of Mississippi. The suit was thereupon removed to a federal court in the Fifth circuit. Upon hearing, a motion to quash the summons and service, and a plea to the jurisdiction both were sustained. A verdict was directed for the insurance company, and the suit was dismissed. There was an appeal to the Circuit Court of Appeals, and the judgment of the District Court was affirmed, 27 F.(2d) 329, 330. The record in that appeal conclusively showed that the appellee did only a reinsurance business in the United States and all of it was transacted in New York City, the transaction being between the appellee's agent and the original insurer. The insurance company had reinsured risks on property situated in Mississippi, and in compliance with the laws of that state had appointed the Insurance Commissioner of Mississippi its agent for the purpose of service. It had also appointed Wilkerson, Inc., its nominal agent; but that agent had never had any transaction of reinsurance or otherwise for the appellee, all business being negotiated and transacted in New York. The record further disclosed that, in compliance with the Mississippi law, appellee had filed annual statements of its reinsurance of risks on Mississippi property and had annually paid taxes based thereon.

The court said:

"We think it is clear appellee was not doing business in Mississippi, so as to be subject to suit in that state on a cause of action arising elsewhere. [Citing cases.] It may be conceded that, if the statutes of Mississippi requiring appellee to appoint agents in Mississippi made service on those agents good as to a transitory cause of action arising elsewhere, appel-

lee would be bound thereby; but we find nothing in the laws or jurisprudence of Mississippi going to that extent.

"It is also contended by appellant that by removing the case to the District Court, by appearing by counsel, and by subsequently filing the plea of lis pendens, appellee has made a personal appearance and waived any defect of service. Citation of authorities is unnecessary to show that this contention is untenable."

Upon appeal to the Supreme Court, that Court, in affirming the decision of the Circuit Court of Appeals, 279 U.S. 405, 49 S.Ct. 360, 361, 73 L.Ed. 762, said in part:

"Reinsurance involves no transaction or privity between the reinsurer and those originally assured. The lower courts rightly held that the making of the reinsurance compacts in New York between respondent and insurers of property in Mississippi was not the doing of business in that state. And, as its consent to be sued there cannot be implied from any transactions within the state, there is no jurisdiction, unless respondent's authorization in respect of service is broad enough to extend to this case. Phila. & Reading R. Co. v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710.

"The policy sued on was issued and the loss occurred in South America. The importation of such controversies would not serve any interest of Mississippi. The purpose of state statutes requiring the appointment by foreign corporations of agents upon whom process may be served is primarily to subject them to the jurisdiction of local courts in controversies growing out of transactions within the state. [Citing cases.] The language of the appointment and of the statute under which it was made plainly implies that the scope of the agency is intended to be so limited. By the terms of both, the authority continues only so long as any liability of the company remains outstanding in Mississippi. No decision of the state Supreme Court supports the construction for which petitioner contends. And, in the absence of language compelling it, such a statute ought not to be construed to impose upon the courts of the state the duty, or to give them power, to take cases arising out of transactions so foreign to its interests. The service of the summons cannot be sustained.

"Petitioner suggests that, by removal of the case to the federal court, objection to jurisdiction over the person of respondent was waived. Our decisions are to the contrary. [Citing cases.]"

In order to clearly set forth the narrow question which appellant here presents, it is necessary to call attention to certain general indisputable jurisdictional rules.

 The jurisdiction of courts in one state over a corporation incorporated elsewhere is based, as to actions in personam, upon the consent of the latter. St. Clair v. Cox, 106 U.S. 350, 1 S.Ct. 354, 27 L.Ed. 222; Philadelphia & Reading Railway Company v. McKibbin, supra; Morris & Co. v. Skandinavia Insurance Company, supra. The doing of business in the state where the action is brought may constitute an implied consent, or it may create an estoppel to deny consent; but in such cases the consent is limited to causes of action arising in the state where the action is brought. Old Wayne Mutual Life Association v. McDonough, 204 U.S. 8, 27 S.Ct. 236, 51 L.Ed. 345; Simon v. Southern Railway Company, 236 U.S. 115, 35 S.Ct. 255, 59 L.Ed. 492; Morris & Co. v. Skandinavia Ins. Co., supra. Such consent may arise expressly, as by designating an agent for the service of process pursuant to state law. However, in the absence of compelling language in the state law, or local state decision to the contrary, such appointments will be construed by the United States Supreme Court to exclude causes of action arising outside the state for which the appointment was given. Morris & Co. v. Skandinavia Ins. Co., supra; Robert Mitchell Furniture Company v. Selden Breck Construction Company, 257 U.S. 213, 42 S.Ct. 84, 66 L.Ed. 201; Missouri Pacific Railroad Company v. Clarendon Boat Oar Company, Inc., 257 U.S. 533, 42 S.Ct. 210, 66 L.Ed. 354. In those cases, however, where the appointments and statutes do extend to causes of action arising outside of the state where the appointment was given, they are not effective as to causes of action arising outside of the state unless the defendant corporation is actually doing business in that state at the time of the service upon such agent. Chipman, Ltd., v. Jeffery Company, 251 U.S. 373, 40 S.Ct. 172, 64 L.Ed. 314. That case discusses Bagdon v. Philadelphia &

350

Reading Coal & Iron Company, 217 N.Y. 432, 111 N.E. 1075, L.R.A.1916F, 407, Ann. Cas.1918A, 389, which held that the appointment by a foreign corporation of an agent for the service of process under the New York statutes extended to causes of action arising outside of New York when the foreign corporation was actually doing business in that state. The Chipman opinion then discusses Tauza v. Susquehanna Coal Company, 220 N.Y. 259, 115 N.E. 915, 917, which latter opinion uses the following language:

"Unless a foreign corporation is engaged in business within the state, it is not brought within the state by the presence of its agents. * * * The essential thing is that the corporation shall have come into the state."

The question presented for our consideration is whether the appointment in question, and the Illinois statutes under which it was given contain language which compels the construction that this court has either the power or the duty to entertain litigation between two foreign non-resident corporations involving a cause of action arising in Argentina.

The appointment before us authorized the agent to receive and accept service of process in all cases "as provided for by the laws of the State of Illinois."

Of the Illinois statutes in force at the time this action was instituted there seem to be but two sections which materially relate to the question involved. They govern fire, marine and inland navigation insurance companies. The first is section 22 of the Act of 1869, as amended by Laws 1925, p. 430 (Smith-Hurd Ann.St. c. 73, § 37 and note, chapter 73, par. 150, Cahill's 1927 Ill.R.S.), and so far as here material is set forth in the margin.[2] The other is section 1 of the Act of 1883, as amended by Laws 1925, p. 438 (Smith-Hurd Ann.St. c. 73, § 60 and note, chapter 73, par. 76, Cahill's 1927 Ill.R.S.). So far as material to the question before us, it is the same as section 22 of the Act of 1869. The specific language of these sections which is important for our consideration is, "any process issued by any court of record in this state, and served upon such attorney * * * shall be deemed a sufficient service of process upon such company" and "the agents last designated * * * shall be deemed to continue agents for such corporation for the purpose of serving process for commencing actions upon any policy or liability issued or contracted while such corporation transacted business in this state."

A perusal of similar statutes in Mississippi and Ohio convinces us that they are not materially different from those of Illinois. Since the Supreme Court in the respective cases of Morris & Co. v. Skandinavia Insurance Company, supra, and Robert Mitchell Furniture Company v. Selden Breck Construction Company, supra, held that the language employed in the Mississippi and Ohio statutes was not of such compelling nature as to warrant a departure from the general rule, we feel constrained to place the same construction upon the Illinois statutes.

We feel fortified in this conclusion by

---

2 Section 22, Act of 1869:

"And any such company desiring to transact *any such business* as aforesaid by any agent or agents *in this State*, shall first appoint an attorney in this State on whom process of law can be served, and file in the office of the Director of Trade and Commerce a written instrument duly signed and sealed, certifying such appointment, which shall continue until another attorney be substituted, and in case of death or removal of said attorney so designated by said company, service of any process from any court in this State on the Director of Trade and Commerce during such vacancy shall be sufficient until said company shall appoint another attorney, as required by this Act; and any process issued by any court of record in this State and served upon such attorney by the proper officer of the county in which such attorney may reside, or may be found, shall be deemed a sufficient service of process upon such company, but service of process upon such company may also be made in any other manner provided by law.

"*Service after company stops business.* In case any insurance company not incorporated in this State shall cease to transact business in the State according to the laws thereof, the agents last designated or acting as such for such corporation, shall be deemed to continue agents for such corporation for the purpose of serving process for commencing action upon any policy or liability issued or contracted while such corporation transacted business in this State, and service of such process for the cause aforesaid, upon any such agent, shall be deemed a valid personal service upon such corporation." (Our italics.)

the titles of the Illinois acts to which we have referred,[3] and by the decisions of the Illinois courts, which, although not identical in point of fact, disclose a tendency to support the conclusion at which we have arrived. Booz v. Texas & Pacific Railway Company, 250 Ill. 376, 95 N.E. 460; Maguire v. Peoria & Pekin Union Railway Company, 264 Ill.App. 333. That the Illinois courts do not look with favor on suits between non-resident parties involving causes of action which arise outside of the state is emphasized in Racine Lumber & Manufacturing Company v. White Lumber Company, 190 Ill.App. 102.

The venue sections of the Illinois Practice Act of 1907, which was in force when this suit was instituted, are also persuasive that it was not the legislative intent to give the courts the power to entertain controversies between non-residents with respect to causes of action arising elsewhere, because the venue in such contingency is not designated. Section 6 of that act (Smith-Hurd Ann.St. Appendix, c. 110, § 6) provides for venue generally in the following language: "It shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found." Section 7, which relates to insurance companies, is as follows: "The courts of record of the county wherein the plaintiff or complainant may reside, shall have jurisdiction of all actions hereafter to be commenced by any individual against any insurance company, either incorporated by any law of this state, or doing business in the state." It is obvious that under section 7 there is no county in Illinois designated in which appellant may sue, because it is not a resident of any county. Likewise, appellee, also being a non-resident, may not be sued in any county of Illinois unless it can be found therein.

█ Appellant seeks to avoid the effect of its non-residence by the allegation that all of its capital stock is owned by a Maine corporation of the same name which was authorized to do, and was actually doing, business in Illinois. That position is not tenable. In Barrow Steamship

Company v. Kane, 170 U.S. 100, 18 S.Ct. 526, 528, 42 L.Ed. 964, it was said, "there is a conclusive presumption of law that the persons composing the corporation are citizens of the same state with the corporation."

That appellee was never found in Illinois we think there can be no doubt, because it had not done, and was not doing business there in such manner and to such extent as to warrant the inference that it was present. Compare International Harvester Company v. Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479.

Appellant urges the proposition that it is not contrary to the public policy for one foreign corporation to sue another foreign corporation in Illinois upon a transitory cause of action arising elsewhere. In support of that contention, it relies upon Alpena Portland Cement Company v. Jenkins & Reynolds Company, 244 Ill. 354, 91 N.E. 480; Simpson Fruit Company v. Railway Company, 245 Ill. 596, 92 N.E. 524; National Can Company v. Weirton Steel Company, 314 Ill. 280, 145 N.E. 389; Santa Clara Female Academy v. Sullivan, 116 Ill. 375, 6 N.E. 183, 56 Am.Rep. 776; Wintersteen v. National Cooperage & Woodenware Company, 361 Ill. 95, 197 N.E. 578, and People v. Wiersema State Bank, 361 Ill. 75, 197 N.E. 537. In the Alpena Case the question of jurisdiction of the defendant was not involved, and it did not appear whether or not it was doing business in Illinois. In the Simpson Case jurisdiction was not in issue and appellee was actually doing business in Illinois. In the National Can Company Case the court found that the defendant was actually doing business in the state. In the Santa Clara and Wiersema Cases no jurisdictional questions were involved, and in the Wintersteen Case the question was merely plaintiff's right to sue in Illinois.

█ For the purposes of argument it may be admitted that the public policy of Illinois with reference to such suits is as appellant contends. However, we are not dealing with a question of public policy, but with one of jurisdiction which in-

---

[3] Title to Act of 1869:
"An Act to incorporate and to govern fire, marine and inland navigation insurance *companies doing business in the state of Illinois.*" (Our italics.) Laws 1869, p. 209.

Title to Act of 1883:
"An Act to govern foreign fire, marine and inland navigation insurance *companies, doing business in the State of Illinois.*" (Our italics.) Laws 1883, p. 101.

volves the validity of service of process on a foreign corporation. That question is to be determined by the federal court irrespective of state law or decision, even though the case is one which was removed to the federal court from the state court. In the case of Mechanical Appliance Company v. Castleman, 215 U.S. 437, 30 S.Ct. 125, 128, 54 L.Ed. 272, the Court said: "But it is well settled that, after removal from the state to the Federal court, the moving party has a right to the opinion of the Federal court, not only upon the question of the merits of the case, but as to the validity of the service of process. * * * It is equally well settled in the Federal jurisdiction that a foreign corporation can be served with process within the state only when it is doing business therein, and that such service must be upon an agent who represents the corporation in its business." To the same effect are Goldey v. Morning News, 156 U.S. 518, 15 S.Ct. 559, 39 L.Ed. 517, and Conley v. Mathieson Alkali Works, 190 U.S. 406, 23 S.Ct. 728, 47 L.Ed. 1113.

From the disclosures of the record we are convinced that, the alleged cause of action did not arise in Illinois; that appellee never consented to the suit being filed in Illinois; that it was not doing business in that state when the suit was filed; that it was not found nor was it within that state at the time of the attempted service; and hence it was not amenable to such service.

Judgment affirmed.