## TOMERLIN v. LONDON & LANCASHIRE INDEMNITY CO. OF AMERICA.
### Civ. No. 779.

District Court, E. D. Illinois.

Feb. 14, 1944.

Pope & Driemeyer, of East St. Louis, Ill., and Cobbs, Logan, Roos & Armstrong, of St. Louis, Mo. (Robert Broderick, of East St. Louis, Ill., of counsel), for plaintiff.

McGlynn & McGlynn, of East St. Louis, Ill., and Joseph Hassett, of St. Louis, Mo. (Joseph B. McGlynn, of East St. Louis, Ill., of counsel), for defendant.

WHAM, District Judge.

The plaintiff, a non-resident, filed his suit against the defendant insurance company, a foreign corporation, in the Circuit Court of St. Clair County, Illinois. Service was obtained upon the defendant by serving process upon the Director of the Department of Insurance of the State of Illinois. Defendant, limiting its appearance for the purpose, secured an order removing the case here. After removal defendant filed motion to quash process and return on ground of insufficiency and invalidity under the law and the facts and to dismiss the suit for lack of jurisdiction over the person of the defendant.

In considering said motion certain facts are assumed which seem to be admitted in the pleadings or in the briefs of counsel. Said facts are: (1) That the defendant insurance company is not incorporated in Illinois but is duly licensed to do business in the State of Illinois; (2) that the defendant is actually doing business in the State of Illinois; (3) that the Director of Insurance of the State of Illinois has been duly appointed by the defendant as "the true and lawful attorney of such company upon whom all lawful process in any action or legal proceeding against it may be served;" (4) that process in this case was regularly served upon such attorney; (5) that the plaintiff is not a resident of Illinois; (6) that the insurance contract upon which plaintiff bases its claim is not an Illinois contract, and (7) that plaintiff's claim against the defendant upon the contract did not arise through or by reason of any occurrence or transaction in Illinois.

Under the foregoing facts a question of law, not free from difficulty, is presented as to whether the process so served was effective to acquire jurisdiction over the person of the defendant. No Illinois case passing upon the question has been called to my attention or has been found.

The pertinent portion of the statute involved reads as follows: "Every foreign or alien company desiring to transact business in this State shall file with the Director a duly executed instrument whereby the company shall appoint and constitute the Director and his successor or successors in office the true and lawful attorney of such company upon whom all lawful process in any action or legal proceeding against it may be served and shall agree that any such lawful process against it which may be served upon its said attorney as provided in this section shall be of the same force and validity as if served upon the company and that the authority thereof shall continue in force irrevocably so long as any liability of the company in the State shall remain outstanding." Paragraph 1 of Section 112 of the Illinois Insurance Code, Chapter 73, Section 724, Smith-Hurd Ill. Ann.St.

The defendant relies upon the case of Morris & Co. v. Skandinavia Insurance Co., 279 U.S. 405, 49 S.Ct. 360, 361, 73 L. Ed. 762, wherein service of process upon a statutory agent of the defendant in the State of Mississippi was held not to confer jurisdiction over the foreign defendant insurance company, not doing business in the State of Mississippi, in a suit by a non-resident upon a cause of action which arose in South America. The court said:

"Reinsurance involves no transaction or privity between the reinsurer and those originally assured. The lower courts rightly held that the making of the reinsurance compacts in New York between respondent and insurers of property in Mississippi was not the doing of business in that state. And, as its consent to be sued there cannot be implied from any transaction within the state, there is no jurisdiction unless respondent's authorization in respect of service is broad enough to extend to this case. Philadelphia & Reading Co. v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710.

"The policy sued on was issued and the loss occurred in South America. The importation of such controversies would not serve any interest of Mississippi. The purpose of state statutes requiring the appointment by foreign corporations of agents upon whom process may be served is primarily to subject them to the jurisdiction of local courts in controversies growing out of transactions within the state. Old Wayne Life Ass'n v. McDonough, 204 U. S. 8, 18, 21, 27 S.Ct. 236, '51 L.Ed. 345. Simon v. Southern Ry., 236 U.S. 115, 130, 35 S.Ct. 255, 59 L.Ed. 492. Mitchell Furniture Co. v. Selden Breck Co., 257 U.S.

213, 215, 42 S.Ct. 84, 66 L.Ed. 201. Louisville & Nashville R. R. Co. v. Chatters, 279 U.S. 320, 49 S.Ct. 329, 73 L.Ed. 711. The language of the appointment and of the statute under which it was made plainly implies that the scope of the agency is intended to be so limited. By the terms of both, the authority continues only so long as any liability of the company remains outstanding in Mississippi. No decision of the state Supreme Court supports the construction for which petitioner contends. And, in the absence of language compelling it, such a statute ought not to be construed to impose upon the courts of the state the duty, or to give them power, to take cases arising out of transactions so foreign to its interests. The service of the summons cannot be sustained."

Counsel likewise relies upon the same case which was later brought in a Federal District Court in Illinois and found its way to the Seventh Circuit Court of Appeals where it was reported as Morris & Co. v. Skandinavia Insurance Co., 81 F.2d 346. Similar facts were developed in the later case and for the same reasons the service upon defendant's statutory agent in Illinois was held insufficient to confer jurisdiction. In that case, as in the Supreme Court case, it was emphasized that the defendant was not and had not been engaged in business in the state and had appointed its statutory agent by compulsion of statute only in order to be able to do a reinsurance business with insurance companies of the state. From the language used in each of said decisions it seems reasonable to believe that if it had appeared that the defendant was actually engaged in business in the state where the suit was brought, service upon the statutory agent might have been held valid.

Applying to the statute before the court here the test of the language of the Supreme Court in the Skandinavia case that "in the absence of language compelling it, such a statute ought not to be construed to impose upon the courts of the state the duty, or to give them power, to take cases arising out of transactions so foreign to its interests", it would appear that before the unqualified and all-embracing language used in this statute should be held not to compel the courts of Illinois to take cases like that before the court there must be found in the statutes or decisions of Illinois something that would justify an implication to the contrary.

It is a fundamental principle of statutory construction that lawmakers, in using particular language, are deemed to have in mind the state of the law as established by the decisions of the courts of their own jurisdiction. In using the inclusive language "upon whom all lawful process in any action or legal proceeding against it may be served" the legislators must be held to have intended that the consent of the company to be served personally by service of process upon its appointed attorney should extend to all actions and legal proceedings which the courts of Illinois then recognized as lawful and proper to be brought against a foreign insurance company licensed and doing business in Illinois. The language is broad enough to include any case wherein the service would have been valid had it been served upon an agent of the company actually engaged in business for the company while the company was doing business in the state.

Before the enactment of the statute the Illinois Supreme Court had declared in unmistakable language that an action upon an insurance policy is transitory and that an Illinois insurance company could properly be sued in Missouri, when doing business and having agents in that state upon whom service could be obtained, by a resident of Illinois upon a cause of action which had arisen in Illinois under an Illinois contract of insurance. Illinois Life Insurance Co. v. Prentiss, 277 Ill. 383, 115 N.E. 554.

It is not reasonable to believe that the Illinois legislature, in view of the Prentiss case, if it had intended that foreign insurance companies licensed and doing business in Illinois should not be subject to suit in Illinois by non-residents in transitory actions arising outside the state, would have used the broad and unqualified language that appears in this statute and left to dim, unclear implication the discovery of its real purpose. It would seem more reasonable to believe that it was its definite purpose to put foreign insurance com-

panies doing business in Illinois under an Illinois license in the same position as to being sued in Illinois on transitory actions as the Illinois Supreme Court had declared Illinois insurance companies to be in other states.

An examination of the decision in Morris & Co. v. Skandinavia, supra, shows clearly that the United States Supreme Court made no distinction between foreign insurance companies and other foreign corporations in declaring the rule applicable to a determination of the scope of the agency of a statutory agent for service. Of the decisions cited (see page 409 of 279 U.S., 49 S.Ct. 360) as authority for the rule only one involved a foreign insurance company whereas the others involved business and railroad corporations. Neither have the courts of Illinois made any distinction between foreign insurance companies and other foreign corporations doing business in Illinois. Wherefore, in seeking the intention of the legislature, it is pertinent to note that the law was established in Illinois before the enactment of this legislation that foreign corporations other than insurance companies licensed and doing business in Illinois were subject to suit in the courts of Illinois by non-residents upon transitory causes of action which did not arise in Illinois. Simpson Fruit Co. v. v. Railway Co., 245 Ill. 596, 92 N.E. 524; National Can Co. v. Weirton Steel Co., 314 Ill. 280, 145 N.E. 389. In the light of these Illinois cases and others to the same effect, had it been the purpose of the legislature by this section of the statute to establish a rule for foreign insurance companies as to suits on transitory actions different from that applicable to other foreign corporations it would have used language adapted to that end rather than the inclusive language which it did use.

Service upon the designated representative of a foreign surety company in a suit by a resident of Illinois upon a transitory cause of action arising outside the state was upheld in Illinois in the case of Loomis v. F. U. S. Co., 163 Ill.App. 621. Would the decision have been the same if the plaintiff in that case had been a non-resident? It would seem so in view of the decision in Illinois Life Insurance Co. v. Prentiss, supra.

In Furst v. Brady, 375 Ill. 425, 31 N.E. 2d 606, 609, 133 A.L.R. 558, the court said: "The insurer, licensed to do business in this State, is regarded as a resident of Illinois." As authority for this statement it cited Friend & Co. v. Goldsmith & Seidel Co., 307 Ill. 45, 138 N.E. 185, which involved a foreign corporation not an insurance company. Thus, it would seem that in this further respect the court makes no distinction between foreign insurance and other foreign corporations.

■ Counsel for the defendant suggest that the fact that Paragraph 2 of Section 8 of the Illinois Practice Act, Smith-Hurd Ill.AnnSt., Chapter 110, Section 132, places the venue in suits against insurance companies in the county where the plaintiff or one of them resides gives rise to an implication that the statute here in question applies only to causes of action arising in the state or actions brought by residents of the state. This reasoning has been adverted to by other courts but the Illinois Supreme Court held in Furst v. Brady, supra, that Paragraph 2 of the venue statute is inapplicable to non-resident plaintiffs in suits against insurance companies.

■ The defendant contends that because the primary purpose of the statute is to protect the people with whom the foreign insurance company may transact business in Illinois it was not necessary for the statute to require that the benefit of the consent of the company for service upon its appointed attorney be extended to non-residents who have claims based upon transactions outside the state and, therefore, impliedly, the statute did not so require. The difficulty with this contention, persuasive though it may be, is that all-inclusive language like "all lawful process in any action or legal proceeding against it" overcomes and denies such implication in view of the state of the law in Illinois relating to foreign corporations, as heretofore pointed out, at the time the legislation was enacted.

■ Defendant contends, however, that such purpose of limitation clearly appears

from the concluding lines of the paragraph, "that the authority thereof shall continue in force irrevocably so long as any liability of the company in the State shall remain outstanding." Consideration of this language in connection with the broad preceding language noted above, would seem to indicate that it was intended, not to limit the inclusiveness of the language which preceded it while the insurance company continued to do business in the state but to make provision for the contingency which would arise when and if the insurance company should seek to withdraw from the state leaving liabilities behind. In such event, after the company had ceased doing business in the state, if a non-resident should attempt to obtain service by serving defendant's statutory agent in a case like that now before the court, it is probable that he would and should run afoul of the spirit of the rule applied in Racine Lumber & Mfg. Co. v. White Lumber Co., 190 Ill.App. 102, and in Chipman Ltd. v. Jeffery Co., 251 U.S. 373, 40 S.Ct. 172, 64 L.Ed. 314, referred to by Judge Sparks in the Skandinavia case. The fact that the United States Supreme Court in the case of Morris & Co. v. Skandinavia Insurance Co., supra, gave similar language something of the force and effect contended for by the defendant here is not overlooked. In that case, however, as the court pointed out, the defendant company was a reinsurer only and had not been and was not doing business in the State of Mississippi where service of process was attempted.

That the fact that the defendant here was doing business in the State of Illinois when the process in question was served is entitled to weight in determining the reach of the statute at that time is demonstrated by the emphasis given by the Supreme Court and by the Circuit Court of Appeals of the Seventh Circuit in the Skandinavia case to the fact that the company was not doing business in the State of Mississippi or the State of Illinois. In discussing the importance of the fact Judge Sparks said [81 F.2d 349]: "In those cases, however, where the appointments and statutes do extend to causes of action arising outside of the state where the appointment was given,

they are not effective as to causes of action arising outside of the state unless the defendant corporation is actually doing business in that state at the time of the service upon such agent. Chipman, Ltd., v. Jeffery Company, 251 U.S. 373, 40 S.Ct. 172, 64 L.Ed. 314. That case discusses Bagdon v. Philadelphia & Reading Coal & Iron Company, 217 N.Y. 432, 111 N.E. 1075, L.R.A. 1916F, 407, Ann.Cas.1918A, 389, which held that the appointment by a foreign corporation of an agent for the service of process under the New York statutes extended to causes of action arising outside of New York when the foreign corporation was actually doing business in that state."

I have construed the statute in this state to be broad enough to extend to actions arising outside the state, and the added fact that the defendant was actually engaged in carrying on its business in this state at the time process was served upon defendant's attorney for service brings the case within Judge Sparks' opinion.

That the question before the court, though involving jurisdiction, is primarily one of state law and the interpretation of a state statute under that law is recognized by the more recent federal cases. Robert Mitchell Furniture Co. v. Selden Breck Construction Co., 257 U.S. 213, 42 S.Ct. 84, 66 L.Ed. 201; Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437; Cohen v. American Window Glass Co., 2 Cir., 126 F.2d 111.

Validity of service of process was recently sustained under similar facts arising in New York in the case of Cohen v. American Window Glass Co., supra, in which a New York statute containing similar language was concerned. The only pertinent distinction between the two statutes would seem to be that the New York statute contained no language like the concluding lines of the first paragraph of the Illinois statute quoted above and discussed in the fourth preceding paragraph of this opinion. This distinction I believe to be unimportant at a time when the insurance company is not only licensed to do business but is actually doing business in the State of Illinois.

The motion to quash the process and the return and to dismiss the case for want of jurisdiction over the person of the defendant is denied.