**MORRIS & CO. v. SKANDINAVIA INS. CO., Limited.**

Circuit Court of Appeals, Fifth Circuit.
June 29, 1928.

No. 5229.

1. **Insurance** ⟨⟩16—Foreign insurance company held not doing business within state, so as to be subject to suit on cause of action arising elsewhere.

Foreign insurance company *held* not doing business within state, so as to be subject to suit in such state on cause of action arising elsewhere, where defendant did only reinsurance business in United States and all of this was transacted outside state, there being nothing in statutes requiring defendant to appoint agents in state making service on such agents good as to transitory cause of action arising elsewhere.

2. **Appearance** ⟨⟩24(5)—Removing case to District Court, appearing by counsel, and subsequently filing plea of lis pendens held not waiver of defect of service.

Foreign insurance company, by removing case to District Court, appearing by counsel, and filing plea of lis pendens, *held* not to have made personal appearance and waived defect of service.

Appeal from the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Action by Morris & Co. against the Skandinavia Insurance Company. Judgment for defendant, and plaintiff appeals. Affirmed.

See, also, 17 F.(2d) 951.

John M. Lee, of Chicago, Ill., Sidney Mize, of Gulfport, Miss., and Marcellus Green and Garner W. Green, both of Jackson, Miss. (Chalmers Potter, of Jackson, Miss., on the brief), for appellant.

Palmer Pillans, of Mobile, Ala., and James A. Leathers, of Gulfport, Miss. (Bigham, Englar & Jones, of New York City, Pillans, Cowley & Gresham, of Mobile, Ala., and Leathers & Sykes, of Gulfport, Miss., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In April, 1925, appellant, a Louisiana corporation, brought a suit at law in a state court to recover on a policy of marine insurance issued at Buenos Ayres by appellee, a corporation organized under the laws of Denmark, to cover a shipment of jerked beef from Montevideo to Havana, in May, 1918. Service of process was made on the insurance commissioner of Mississippi under the provisions of the Mississippi statutes. Later another service was made on Robert E. Wilkerson, Inc., of Vicksburg, the nominal agent of appellee.

The suit was promptly removed to the District Court and appellee filed a motion to quash the service and a plea to the jurisdiction, under the practice in Mississippi, both based on the following grounds: That both parties were nonresidents of Mississippi; that the contract was executed and to be performed out of Mississippi; and that appellee was not doing business in Mississippi.

At the time this suit was filed another suit was pending between the same parties on the same cause of action in New York, where appellee has a resident agent. With full reservation of its rights under the motion to quash and plea to the jurisdiction, appellee filed a plea of lis pendens. The suit in New York was dismissed before a hearing in this case, on which hearing the motion to quash and the plea to the jurisdiction were sustained, a verdict was directed in favor of appellee, and the suit was dismissed. Error is assigned to the action of the court in dismissing the suit.

[1] The record shows conclusively the following state of facts: Appellee does only a reinsurance business in the United States, and all of this is transacted in New York City; the transactions being between appellee's agent and the original insurer. Appellee has reinsured risks on property situate in Mississippi, and in compliance with the laws of Mississippi has appointed the insurance commissioner of Mississippi its agent for the purpose of service, and has also appointed Wilkerson, Inc., its nominal agent; but that company has never had any transaction of reinsurance or otherwise for appellee, all business being negotiated and transacted in New York. Also, in compliance with the Mississippi law, appellee has filed annual statements of its reinsurance of risks on Mississippi property and paid an annual tax based thereon.

We think it is clear appellee was not doing business in Mississippi, so as to be subject to suit in that state on a cause of action arising elsewhere. Old Wayne Life Ass'n v. McDonough, 204 U. S. 8, 27 S. Ct. 236, 51 L. Ed. 345; Simon v. Southern Ry., 236 U. S. 115, 35 S. Ct. 255, 59 L. Ed. 492. It may be conceded that, if the statutes of Mississippi requiring appellee to appoint agents in Mississippi made service on those agents good as to a transitory cause of action arising elsewhere, appellee would be bound thereby; but we find nothing in the laws or jurisprudence of Mississippi going to that extent.

[2] It is also contended by appellant that by removing the case to the District Court, by appearing by counsel, and by subsequently filing the plea of lis pendens, appellee has made a personal appearance and waived any defect of service. Citation of authorities is unnecessary to show that this contention is untenable.

We find no reversible error in the record. Affirmed.