## MOORE v. NATIONAL HOTEL MANAGEMENT CORPORATION.

### No. 5082.

District Court, N. D. Texas, Dallas Division.
Nov. 13, 1937.

Martin B. Winfrey, of Dallas, Tex., for the motion.

Thompson, Knight, Baker, Harris & Wright and J. Hart Willis, all of Dallas, Tex., opposed.

ATWELL, District Judge.

Moore brought suit in the state District Court, in Dallas, Tex., for $75,000 damages alleged to have been suffered by him while he was a guest at the Congress Hotel in Chicago, through the agents of that hotel. He claims that they accused him of crime, and falsely stated that he had beaten an hotel bill in Los Angeles; and in the presence of others said that he was a thief, and rudely and unjustly humiliated and roughly treated him. He claims that the defendant was operating the Congress Hotel, and that the same defendant is operating the Adolphus Hotel, at Dallas. That when he found that it was necessary for him to go to Chicago, in October, 1936, and knowing that the defendant was managing a string of hotels throughout the United States, and that since the Adolphus Hotel at Dallas, the city of plaintiff's residence, was under the same management as the Congress Hotel in Chicago, he requested the Adolphus to reserve a room for him at the Congress. That it was after he had registered there as a guest that the mistreatment occurred.

Citation was issued out of the state court and served upon Otto Schubert, Jr., who was, on July 10, 1937, the date of the service, the manager of the Adolphus.

The cause was removed to this court and the defendant has filed a motion to dismiss the case for want of jurisdiction.

The testimony offered upon the motion indicates that the defendant has a managing agreement with the Congress Hotel, which is an Illinois corporation. This agreement shows that the defendant is engaged in the business of supervising and managing hotels and other properties, both for itself and as agent for others, and that the Congress employed it, as its agent, to supervise the management and operation of that hotel. For this service it receives an annual fee, as well as certain bonuses.

Likewise, the contract between the Dallas Hotel Company, which is the owner of the Adolphus Hotel, and the defendant shows that the defendant is employed as the agent of the Dallas Hotel Company "to supervise the management and operation of the Hotel Adolphus." For this service it

receives $12,000 per annum, in equal monthly installments,' and an additional sum of 10 per cent. of the net earnings. The defendant, under this agreement, has jurisdiction and control of the manager, the department heads, and the entire staff and personnel of the Hotel Adolphus, and in the exercise of this power has the right, "as the agent of the Dallas Company, to employ, compensate and discharge any and all of said persons at any time." This right does not extend to any jurisdiction or control over the executive officers or the members of the board of directors of the Dallas Company. The credit of the Dallas Company may not be pledged. Moneys that are collected by defendant are to be promptly deposited to the credit of the Dallas Company. The Dallas Company is to make all disbursements and promptly pay all indebtedness incurred and to be incurred by the defendant in connection with the management of the hotel. The defendant provides the Dallas Company with adequate surety bonds and is not liable to the Dallas Company for "any neglect, omission or wrong-doing of any agent, servant or employee of the Dallas. company." The right of cancellation is reserved to the Dallas Company. The agreement is not assignable. The defendant is under no obligation to place insurance on the hotel, that being the exclusive right and duty of the Dallas Company. The defendant has the right to select and pay from the funds of the Dallas Company a manager who resides in the hotel and who is engaged in no other business at a compensation not in excess of $10,000 per annum. This contract took effect on the 17th day of August, 1934, and on the date that the plaintiff places the happening at Chicago both contracts were in force, and the two hotels were being operated by the defendant thereunder.

On the 28th of September, 1934, the defendant filed with the Secretary of State, at Austin, Tex., an instrument appointing Otis M. Harrison as service agent.

The defendant claims that Schubert was not its agent at the time the citation was served on him. That the sort of representation that Schubert performed, as manager of the Hotel Adolphus, under the agreement between it and the owner of that hotel, was not such a relation to it as brought him within any of the requisites of the service statutes of Texas. That the cause of action, if any, arose in the state of Illinois, with no part thereof in the state of Texas, and that the statutes of Texas do not vest jurisdiction in the courts of Texas to adjudicate a cause of action arising in another state against a foreign corporation having a permit to do business in Texas. That if the Texas statutes do grant such a right, that then, and in that event, they are violative of the Fourteenth Amendment to the Constitution of the United States.

The business of the defendant is the managing of hotels. The contracts in the two instances under consideration here for that service seem to indicate that it so manages as the agent of the respective owners.

 There is nothing in the record which shows that the property in Dallas had anything to do with the alleged mistreatment of the plaintiff at the Chicago Hotel. The two principals are entirely separate. That two principals see proper to engage the same agent to perform a certain service may not be said to constitute a joinder of the two ventures. The Congress Hotel and the Hotel Adolphus continued to be separate and distinct corporate entities with no relation whatever to each other. The manager of the Adolphus was the manager of that property and not the agent of the defendant. He was chosen for a specific purpose and is shown to have no right of representation as to the defendant. He was the choice of the defendant, but such choosing was that he might carry on the managing of the Adolphus and not for the transaction of any of the affairs of the defendant, except as the defendant was bounden to choose men to run the Adolphus. He was the agent of the Adolphus and not of the defendant. The choice of a servant for another, by one engaged in that business, creates no obligation upon the chooser, save that the choice shall be a good faith effort to furnish a satisfactory servant. See Lyons v. Federal System (C.C.A.) 290 F. 793; McMaster, Inc. v. Chevrolet Motor Co. (D.C.) 3 F.(2d) 469.

The designation of a service agent in Texas, by the defendant, must, in the light of reason, be construed as a convenience and security for those who deal with the defendant in Texas. The idea that a foreign corporation, coming into Texas to engage in business, may not be reached except in the state of its domicile would make

it extremely hazardous, expensive, and inconvenient for those who might have causes of action against that corporation by reason of its activity in Texas; hence, the laws of Texas granting permits to do business in Texas require that a corporation so operated shall designate an agent upon whom service may be had within the state.

It is equally unjust to the defendant to be required to defend, in Texas, a suit that originated in Illinois. The affair happened there; all of the witnesses are there, and the plaintiff was there at the time of the alleged occurrence.

This is not a new view. Atchison T. & S. F. R. Co. v. Weeks (C.C.A.) 254 F. 513; Morris v. Skandinavia Ins. Co. (C.C.A.) 81 F.(2d) 346; Morris v. Skandinavia Ins. Co., 279 U.S. 405, 49 S.Ct. 360, 73 L.Ed. 762; Morris v. Skandinavia Ins. Co. (C.C.A.) 27 F.(2d) 329; Simon v. Southern Railway, 236 U.S. 115, 35 S.Ct. 255, 59 L.Ed. 492; Old Wayne Mutual Life Ass'n v. McDonough, 204 U.S. 8, 27 S.Ct. 236, 51 L.Ed. 345; Camp v. Cities Service Gas Co. (D.C.) 17 F.Supp. 618; Miner v. United Air Lines Transp. Corp. (D.C.) 16 F.Supp. 930.

I think the general rule that a foreign corporation can be sued in a national court in a district in which it is conducting business, St. Louis Southwestern v. Alexander, 227 U.S. 218, 33 S.Ct. 245, 57 L.Ed. 486, Ann.Cas.1915B, 77; Adair v. Employers' Reinsurance Corp. (D.C.) 10 F.Supp. 725, must have attached to it, and read with it, the sensible view here presented. There is no different announcement by the highest court of this state. The case of El Paso & S. W. Co. v. Chisholm, 180 S.W. 156, was by a Court of Civil Appeals, and Judge Batts, in Atchison T. & S. F. R. Co. v. Weeks, supra, refused to follow it.

The plaintiff asks the court, in the event the court concludes that the motion is well taken, to remand the case to the state court, stating that the statute of limitation has now run against the plaintiff's cause of action, and that he could not successfully institute a suit in Illinois. A request of that sort is occasionally observed, but I do not find in this case any sufficient reason to grant it. The foreign citizen is entitled to the defense which shall protect it as such citizen. There is nothing to the contrary in Employers Reinsurance Corporation v. Bryant, 299 U.S. 374, 57 S.Ct. 273, 81 L.Ed. 289. The Supreme Court recognized the sound discretionary right of the trial judge "to either remand, or, dismiss, as justice might require." That was a Texas case—the cause of action arose in Texas—and was merely in the wrong district. This case is in the wrong state. It is an Illinois controversy.