### STEPHENS v. RICHMAN & SAMUELS, Inc.

#### No. 9391.

Circuit Court of Appeals, Fifth Circuit.

April 1, 1941.

Rehearing Denied May 10, 1941.

V. W. Taylor, of Brownsville, Tex., Sid L. Hardin, of Edinburg, Tex., and George H. Berman, of New York City, for appellant.

Sanford Solarz, of New York City, W. B. Jack Ball, of San Antonio, Tex., and R. A. Hightower, of Brownsville, Tex., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

The appellant sued the appellee for damages for wrongfully withholding part of the proceeds of the sale of produce shipped by him to appellee and to its predecessor, Richman & Samuels, a partnership. The appellant alleges that both the partnership and the corporation fraudulently misappropriated funds belonging to him. It is further alleged that the corporation, which alone is sued, agreed to pay the debts of the partnership.

Originally filed in the district court of Hidalgo County, Texas, the cause was removed to the court below, where a motion by appellee to quash the process and dismiss the suit was sustained. The validity of the process presents the sole question for our decision. The court below found that the evidence failed to show that appellee assumed in Texas, or assumed elsewhere to pay in Texas, the liabilities of the partnership of Richman & Samuels. It further found that the record was wholly devoid of any evidence that there was any agreement to pay in Texas for the services of the appellant. As to the remainder of appellant's claim, which was for vegetables shipped by him to appellee from Texas to New York on consignment, the court found that the accountings therefor were to be made in New York; that actually the accountings were made in New York or by remittances through the mails. These findings are supported by the evidence, and we fully concur in them.

Appellee was incorporated under the laws of New York. It obtained a permit to transact business in Texas on August 13, 1934. It surrendered its permit, ceased to do business, and withdrew from the state on January 17, 1938. It has not transacted any business in Texas since that time. On April 12, 1938, the appellee is alleged to have been served with process in this case through the individual it had appointed as its resident agent for the service of process, as required by an act of the Texas Legislature effective September 1, 1933.[1] This act made the designation effective as long as the corporation was authorized to do business in the state and for four years thereafter.

There being no Texas decision to the contrary, we construe this statute to apply, during the four years after the corporation ceased to do business therein, only to causes of action arising within the State of Texas. The appellee was not doing business in Texas at the time this suit was filed or at the time service was attempted or at any time since, and the cause of action here sued on arose beyond the boundaries of the State of Texas. Therefore, we think the court below committed no error in sustaining the motion to quash the process and dismiss the suit. Old Wayne Life Ass'n v. McDonough, 204 U.S. 8, 27 S.Ct. 236, 51 L.Ed. 345; Hunter v. Mutual Reserve Life Insurance Co., 218 U.S. 573, 31 S.Ct. 127, 54 L.Ed. 1155, 30 L.R.A.,N.S., 686; Chipman, Ltd. v. Jeffery Co., 251 U.S. 373, 40 S.Ct. 172, 64 L.Ed. 314; Mitchell Furniture Co. v. Selden Breck Co., 257 U.S. 213, 42 S.Ct. 84, 66 L.Ed. 201; Morris & Co. v. Skandinavia Ins. Co., 5 Cir., 27 F.2d 329, Certiorari denied, 279 U.S. 405, 49 S.Ct. 360, 73 L.Ed. 762; Morris & Co. v. Skandinavia Ins. Co., 7 Cir., 81 F.2d 346; Town of Lantana, Fla., v. Hopper, 5 Cir., 102 F.2d 118; Cannon v. Time, Inc., 4 Cir., 115 F.2d 423; 45 A.L.R. Annotated, p. 1454.

The judgment appealed from is affirmed.

---

[1] Acts of 1933, p. 606, ch. 202, now Art. 2031a of Vernon's Revised Civil Statutes of Texas of 1936.