**SURINAM LUMBER CORPORATION,**
**Plaintiff,**

v.

**SURINAM TIMBER CORPORATION,**
**Defendant.**

**Civ. A. No. 66–626.**

United States District Court
D. South Carolina,
Charleston Division.

Sept. 23, 1966.

suit in the courts of Surinam. Jurisdiction is based upon diversity of citizenship.

Service of the summons and complaint was made upon the defendant foreign corporation by serving the Secretary of the State of South Carolina under the provisions of Section 10–424 of the South Carolina Code of Laws,[1] and by mailing a copy of the summons and complaint to an alleged office of the corporation in Miami, Florida.

Upon an *ex parte* petition to the court by plaintiff's counsel the court, by Order dated September 2, 1966, issued its temporary restraining order restraining the defendant from continuing the prosecution of its cause of action against plaintiff pending in the courts of Surinam, South America. The temporary restraining order was effective until Thursday, September 8, 1966, at which time the parties were directed to appear before the court in Charleston, South Carolina, for a hearing on plaintiff's application for a preliminary injunction against the defendant from continuing the prosecution of its said action against the plaintiff in Surinam. At the appointed time and place counsel for defendant appeared specially for the purpose of contesting the jurisdiction of the court upon the grounds that the defendant corporation was not now doing and never had done

Hans Paul, Charleston, S. C., for plaintiff.

Henry B. Smythe, Buist, Buist, Smythe & Smythe, Charleston, S. C., for defendant.

### ORDER

SIMONS, District Judge.

The complaint herein is for a declaratory judgment under the provisions of 28 U.S.C.A. § 2201. It alleges a contract between the plaintiff, a South Carolina corporation, and the defendant, a corporation of the country of Surinam, which contract is presently the subject of a law-

1. The South Carolina Code, S.C.Code Ann. § 10–424 (Supp.1965), provides: "§ *10-424. Service on foreign corporations generally.*—If the suit be against a foreign corporation other than a foreign insurance company the summons and any other legal paper may be served by delivering a copy to any officer, agent or employee of the corporation found at the place within this State designated by the stipulation or declaration filed by the corporation pursuant to § 12–721. But if such foreign corporation transacts business in this State without complying with that section such service may be made by leaving a copy of the paper with a fee of one dollar in the hands of the Secretary of State or in his office, and such service shall be deemed sufficient service and shall have like force and effect in all respects as serv-

ice upon citizens of this State found within its limits if notice of such service and a copy of the paper served are forthwith sent by registered mail by the plaintiff to the defendant foreign corporation and the defendant's return receipt and the plaintiff's affidavit of compliance therewith are filed in the cause and submitted to the court from which such process or other paper issued.

"Such service may also be made by delivery of a copy thereof to any such corporation outside the State, and proof of such delivery may be made by the affidavit of the person delivering such copy. Such affidavit shall be filed in the cause and submitted to the court from which the process or other paper issued. Provided, service may be made on foreign corporations as is provided for in § 10–421."

business in the State of South Carolina, was not subject to the jurisdiction of the courts of this State and that the attempted service upon the Secretary of State of South Carolina pursuant to Section 10–424 of the South Carolina Code of Laws, supra, was ineffectual and should be quashed.

Defendant's motion to quash the purported service upon the defendant and plaintiff's application for a preliminary injunction was set for hearing by the court in Columbia, South Carolina, on September 16, 1966.

Defendant's appearance, pursuant to Rule 12 of the Federal Rules of Civil Procedure, to quash the purported service of the summons and complaint upon defendant through the South Carolina Secretary of State and to dismiss the complaint for lack of jurisdiction of the court was fully heard by the court in Columbia on September 16, 1966, at which time witnesses for plaintiff and defendant testified in person, affidavits and other documents were received and considered by the court, and counsel for the parties argued the matter orally. Based upon the court's determination that proper service had not been effected upon the defendant in this cause inasmuch as the court determined from all the facts and circumstances presented to it that plaintiff had failed to carry its burden of proof to establish that the defendant had ever done sufficient business within the State of South Carolina to warrant this court in assuming jurisdiction of it, it was not necessary for the court to consider plaintiff's appplication for temporary injunction.

Taking the evidence in the light most favorable to the plaintiff, the court determined from a factual situation the following:

1. Plaintiff and defendant, on November 27, 1964, entered into a contract which is the subject of this lawsuit and which was executed on behalf of the plaintiff in Charleston County, South Carolina and on behalf of the defendant in Miami, Florida, prior to its execution by the plaintiff. The negotiations leading up to this contact took place partly in the country of Surinam, South America, partly in Miami, and partly in South Carolina, and was the outgrowth of an earlier contract between the plaintiff and the defendant and of earlier negotiations between the defendant and individuals who subsequently became officers and stockholders of the plaintiff, with some of said early negotiations having been conducted in South Carolina.

2. Mr. Joe W. Harris, representing defendant, came to South Carolina with lumber samples and a brochure of defendant's operations in South America and went with plaintiff's representative J. J. Harrill to Sumter, South Carolina, where they visited Williams Furniture Company and Bruxton Manufacturing Company soliciting orders from these companies. It appears that Williams Furniture Company placed an order for 100,000 board feet of lumber with Harris and Harrill, however, the evidence is somewhat conflicting as to whether the order was actually solicited by Harris for the defendant or by Harrill for the plaintiff.

It is noted that under plaintiff's contract with defendant, plaintiff was to serve as exclusive selling agent for defendant's products in this State. There is no evidence to substantiate that the Williams Furniture Company order was ever filled.

3. The evidence also substantiates that one Katzman solicited some business and obtained at least one order for lumber in South Carolina, however, there is no showing that this or any other order was ever filled by defendant.

4. Defendant delivered approximately 1000 board feet of logs (three to four logs) by air from South America to the plaintiff in South Carolina which were to be used as samples.

5. There is also evidence to substantiate the fact that at least on one occasion subsequent to November 27, 1964, the date of the contract between the parties, a representative of defendant was in South Carolina conferring with plaintiff's representatives in reference

to a possible sale of one or both corporations, however nothing was ever accomplished as a result of such negotiations.

6. On one occasion the plaintiff, at the request of the defendant, paid $2000 to an employee of the defendant in South Carolina for services rendered by said employee in South America.

7. There is also some evidence as set forth in paragraph two of the contract between the parties of November 27, 1964, that certain payments were made by plaintiff to defendant in the total sum of $35,000, but there is not sufficient evidence before the court to indicate where, by and to whom such payments were actually made.

The foregoing constitutes all of the activities or connections with South Carolina indicated by the record before the court which the defendant had within this State.

A careful consideration of the contract, which is attached to the complaint as an exhibit and the original of which was introduced in evidence, shows that under the terms of the contract substantially the entire performance of the contract was to take place in the country of Surinam.

Section 10–424 of the South Carolina Code, supra, provides that service of process upon a foreign corporation which is not domesticated but which "transacts business" within this state may be made by serving a copy of the summons and complaint on the Secretary of the State of South Carolina. The plaintiff has attempted to effect service on the defendant corporation pursuant to this statute. The question before the court is whether the defendant corporation has transacted business in the State to the extent that plaintiff is entitled to effect service in the manner specified. I find that it has not.

The leading case of International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), considers the extent to which a foreign corporation must be doing business, or have contacts in a state for substituted service to meet constitutional due process requirements. It is there pointed out that where corporate activity has not been continuous and systematic, due process only requires that a defendant have minimum contacts with a state so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

The Fourth Circuit Court of Appeals, in Shealy v. Challenger Mfg. Co., Inc., 304 F.2d 102 (1962), considered what constitutes "minimum contacts" under the South Carolina substituted process statute. While the Circuit Court held that substituted service in that case was good, the facts of the present case do not appear to fall within the guidelines therein enunciated.

The most recent case on this question in the Supreme Court of South Carolina is Boney v. Trans-State Dredging Co., 237 S.C. 54, 115 S.E.2d 508 (1960). In that case the court states the question as being was the defendant doing business in this state at the time of the injury? Following the law as laid down in this case, the time to which this court must address itself is the time of the breach of the contract.

It is the opinion of this court that defendant's activities and contacts with South Carolina, as listed hereinabove, do not constitute the requisite minimum contacts to warrant this court in extending its jurisdiction over the defendant.

It is stated in *International Shoe,* supra:

"'(I)t has been generally recognized that the casual presence of the corporate agent or even his conduct of single or isolated items of activities in a state in the corporation's behalf are not enough to subject it to suit on causes of action unconnected with the activities there. St. Clair v. Cox, supra, 106 U.S. [350] 359, 360, 1 S.Ct. [354] 362, 363, 27 L.Ed. 222; Old Wayne Mut. Life Ass'n v. McDonough, 204 U.S. 8, 21, 27 S.Ct. 236, 240, 51 L.Ed. 345; Frene v. Louisville Cement Co., supra, 77 U.S.App.D.C. 129, 133,

134 F.2d 511, 515, 146 A.L.R. 926, and cases cited. To require the corporation in such circumstances to defend the suit away from its home or other jurisdiction where it carries on more substantial activities has been thought to lay too great and unreasonable a burden on the corporation to comport with due process."

■■ I find as a matter of law that the plaintiff has failed to show the necessary minimum contacts in order to subject defendant to substituted service under Section 10–424 of the South Carolina Code of Laws. The burden is on the plaintiff to establish facts vesting the court with jurisdiction, especially when the court's jurisdiction is challenged. It is, therefore,

Ordered that the defendant's motion to dismiss the plaintiff's complaint is granted and the temporary restraining order heretofore issued in this cause is dissolved. Judgment will be entered in accordance herewith.