**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAVID ADEBONOJO,

    Petitioner - Appellant,

v.

DEAN WILLIAMS; PHIL WEISER,
Attorney General, State of Colorado,

    Respondents - Appellees.

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 3, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

No. 24-1269
(D.C. No. 1:23-CV-00894-GPG)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

David Adebonojo is a prisoner at the Colorado Territorial Correctional

Facility. Proceeding pro se,[1] he seeks a certificate of appealability (COA) to appeal

the district court's dismissal of his application for relief under 28 U.S.C. § 2254. *See*

28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal denial of habeas relief from

state-court judgment). We deny a COA and dismiss this appeal.

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Although we "liberally construe" Mr. Adebonojo's pro se filings, "we do not assume the role of advocate." *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (internal quotation marks omitted).

## I.    BACKGROUND

Mr. Adebonojo was charged with seven counts of aggravated robbery, seven counts of felony menacing, and three counts of theft in Colorado state court. He was convicted by a jury on all charges and was sentenced to 18 years in prison on September 23, 2019. Mr. Adebonojo appealed, but the Colorado Court of Appeals (CCA) dismissed his appeal with prejudice as untimely. He then filed a motion for postconviction relief in state district court, which denied the motion without a hearing. Mr. Adebonojo appealed the denial of his postconviction motion, and the CCA affirmed on November 17, 2022. He did not seek review from the Colorado Supreme Court.

On April 10, 2023, Mr. Adebonojo filed his § 2254 application in the United States District Court for the District of Colorado. The district court denied Mr. Adebonojo's application, dismissing some claims for procedural defects and dismissing the remaining claims on the merits.

## II.    DISCUSSION

### A.  Standard of Review

Before a state prisoner can appeal the denial of relief under § 2254, he must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

We review the district court's legal analysis de novo, but in doing so "we remain bound by the constraints of the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996." *Johnson v. Martin*, 3 F.4th 1210, 1218 (10th Cir. 2021). AEDPA provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1), (2). Clearly established federal law "includes only the holdings, as opposed to the dicta," of the Supreme Court's decisions. *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation marks omitted). These holdings "must be construed narrowly and consist only of something akin to on-point holdings." *Al-Yousif v. Trani*, 779 F.3d 1173, 1183 (10th Cir. 2015) (internal quotation marks omitted). A state-court decision involves an unreasonable application of clearly established federal law "only if *every* fairminded jurist would agree" that the state-court decision did not comport with clearly established federal law. *Dunn v. Reeves*, 594 U.S. 731, 740 (2021) (brackets and internal quotation marks omitted).

If the application was denied because of procedural defects, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

### B. Claims for Relief

Mr. Adebonojo seeks from this court a COA to raise four arguments on appeal: (1) his "right to be present" was violated because his "absence from the arraignment court prevented him from entering a plea to commence speedy trial," Aplt. Br. at 11; (2) his "right to appeal" his state-court convictions was violated because "state[] officials confiscate[d] his writing material" and "withheld [his] access to a law library" during the time available to file his notice of appeal, *id.* at 4; (3) the state trial court lacked jurisdiction over the charges filed against him; and (4) his "own attorneys conspired with the state and its courts [against him]," engaging in outrageous government conduct, *id.* at 12. Each argument was properly rejected by the district court.

### 1. Denial of Speedy Trial

The district court denied Mr. Adebonojo's speedy-trial claim because of procedural defects. The court ruled that to the extent the speedy-trial claim is based on a violation of Mr. Adebonojo's speedy-trial rights under a state statute, the claim was

procedurally defaulted because it was not raised in Colorado state court until he sought postconviction relief, and in those proceedings the CCA determined the claim was not properly brought because it could have been raised on direct appeal. *See* Colo. R. Crim. P. 35(c)(3)(VII). The federal district court correctly held that it was barred from reviewing the claim because it had been defaulted in state court "pursuant to an independent and adequate state procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). And to the extent the claim is based on a violation of Mr. Adebonojo's speedy-trial rights under the federal Constitution, the court ruled that the claim was anticipatorily defaulted because it had not been properly presented in state court and would be barred in that court if raised in a new proceeding. *See* Colo. Crim. P. 35(c)(3)(VII); *Coleman*, 501 U.S. at 735 n.1 (if a petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred," the claim is procedurally defaulted). Reasonable jurists would not debate the district court's resolution of this claim.

### 2. Denial of Right to Appeal

Mr. Adebonojo's right-to-appeal claim (which was included as part of his ineffective-assistance-of-counsel claim in district court) was also procedurally defaulted because the CCA determined the claim was undeveloped and declined to address it. *See Coleman*, 501 U.S. at 750. Reasonable jurists would not debate the district court's resolution of this claim.

### 3.  Lack of Jurisdiction

As best we can tell, Mr. Adebonojo's jurisdictional claim is that the charges against him should have been filed and processed solely in Colorado district court by a district-court judge, but some matters were handled by a state magistrate judge and a county-court judge. The assignment of a state's judicial authority among state courts and judges, however, is purely a matter of state law and not a proper matter for federal habeas review. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("federal habeas corpus relief does not lie for errors of state law." (internal quotation marks omitted)). Mr. Adebonojo argues that his claim of a violation of federal constitutional law is supported by the Supreme Court's decision in *Old Wayne Mutual Life Association v. McDonough*, 204 U.S. 8, 15 (1907). But the jurisdictional issue in that case was only whether an Indiana insurance company could be sued in Pennsylvania state court by a citizen of Pennsylvania regarding a contract made in Indiana. *See id.* at 12–15. On its face that opinion is irrelevant to Mr. Adebonojo's contention. He has utterly failed to identify a holding of a decision by the United States Supreme Court that has any bearing on (much less supports) his jurisdictional claim. No reasonable jurist would debate the district court's disposition of this claim.

### 4.  Outrageous Government Conduct

Mr. Adebonojo makes several distinct arguments in support of his contention that his convictions were the result of fraud and collusion by the prosecutors, public defenders, and judicial officers involved in his case.

Mr. Adebonojo, who is African American, first contends that there was purposeful racial discrimination in the selection of the jury venire. He relies on *Batson v. Kentucky*, which held that the government may not use peremptory challenges to exclude a prospective juror based solely on the juror's race. 476 U.S. 79, 89 (1986). In particular, he directs us to the statement in that opinion that a defendant may make a prima facie showing of purposeful racial discrimination in the selection of the venire "on proof [1] that members of the defendant's race were substantially underrepresented on the venire from which his jury was drawn, and [2] that the venire was selected under a practice providing the opportunity for discrimination." *Id.* at 95 (internal quotation marks omitted). But even if Mr. Adebonojo showed that African Americans were absent from his jury pool, he presented no evidence to the CCA of the second *Batson* requirement—namely, that the venire selection process provided an opportunity for discrimination. *See* Colo. Stat. § 13-71-109 (providing that prospective jurors shall be selected from master juror wheel by random selection method which ensures equal probability of selection). Instead, Mr. Adebonojo makes the unsupported assertion that "'it is the practice of this jurisdiction to select from a jury pool containing less than 5% African Americans.'" Aplt. Br. at 17–18. No reasonable jurist would debate the CCA's rejection of this claim. And to the extent that Mr. Adebonojo contends that the selection of his venire violated Colo. Stat. § 13-71-104(3)(a), we repeat that violations of state law are not a proper subject for federal habeas review. *See Swarthout*, 562 U.S. at 219.

Second, Mr. Adebonojo contends that state officials misrepresented where his case was filed. But in light of the CCA decision that there was no merit to his jurisdictional claim, any error in informing him about where the case was filed was of no consequence, so the district court properly denied relief on this contention.

Finally, Mr. Adebonojo alleges he was misled into waiving his right to a preliminary hearing, his competency proceedings were fraudulent, and the state district court's rulings on some of his motions were "perjured to aid in [his] conviction." Aplt Br. at 15. The district court concluded that the CCA "correctly noted" that the first two allegations lacked record support. R. at 357. And insofar as Mr. Adebonojo complains that the state-court judge made various false statements, such as stating that the judge had read certain documents and that certain materials would be promptly provided to Mr. Adebonojo, he fails to cite any authority, much less opinions from the United States Supreme Court, suggesting that his federal constitutional rights were thereby violated.

No reasonable jurist would debate the correctness of the district court's denial of Mr. Adebonojo's outrageous-government-conduct claim.

**III. CONCLUSION**

We **DENY** a COA, **DISMISS** this appeal, and **GRANT** Mr. Adebonojo's

motion to proceed *in forma pauperis*.

Entered for the Court

Harris L Hartz
Circuit Judge